UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **M'LEAH HASSAN** | : | **CIVIL ACTION NO.  15-2820** |
| **VS.** | : | **JUDGE ELIZABETH E. FOOTE** |
| **CITY OF SHREVEPORT, ET AL.** | : | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. §636(b), is a motion for sanctions and to hold witness in contempt [doc. # 18] filed by plaintiff, M'Leah Hassan.  For reasons assigned below, it is recommended that the motion be GRANTED.

### Background

On December 10, 2015, M'Leah Hassan filed the instant civil rights complaint under 42 U.S.C. § 1983 against the City of Shreveport, Shreveport Police Officer James Greene, and Shreveport Police Chief Willie Shaw, Jr.

On July 14, 2016, at 9:30 a.m., plaintiff commenced the deposition of Stephen Gipson, a non-party witness and Shreveport police officer.  At 12:30 p.m., due to scheduling conflicts, counsel for the parties and the deponent agreed to adjourn the deposition until a later date. Thereafter, however, plaintiff's counsel was unable to contact Mr. Gipson to re-schedule the deposition.  Accordingly, she re-set the deposition for September 20, 2016, at 9:30 a.m.  Plaintiff caused Gipson to be served with the subpoena and notice of deposition on September 14, 2016. Gipson, however, failed to appear for the September 20 deposition.

On September 28, 2016, plaintiff filed the instant motion for sanctions and for contempt against Gibson. The motion seeks an order holding Gipson in contempt of court, and sanctioning him for the costs and attorney's fees associated with the deposition that he failed to attend. Gipson did not respond to the motion.[1]

On October 24, 2016, the court issued an order requiring Gipson to "show cause at 10:00 a.m. on November 16, 2016, at the United States District Courthouse, 201 Jackson Street, Monroe, Louisiana, why he should not be held in contempt for failure to comply with the subpoena." (Oct. 24, 2016 Order [doc. # 16]). Despite personal service of the show cause order upon Gipson by deputy U.S. Marshal, Gipson failed to appear at the show cause hearing.

## Law

Sanctions against a non-party witness for failure to attend his deposition pursuant to subpoena are available only under the contempt provisions of Rule 45. *Molina v. City of Visalia*, Civ. Action No. 13-01991, 2016 WL 373450, at *2 n4 (E.D. Cal. Feb. 1, 2016) (citations omitted). Rule 45 provides, in turn, that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed.R.Civ.P. 45(g). Furthermore, "[t]here can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535 (1966) (citations omitted).[2] However, "[b]efore imposing sanctions on a person

---

[1] There is no indication that movant served him with the motion or the court's notice of motion setting.

[2] The show cause order was properly served upon Gipson, via U.S. Marshal. *Waffenschmidt v. MacKay*, 763 F.2d 711, 720 (5th Cir. 1985) (for a non-party, service of show

charged with civil contempt, due process requires that the person receive notice and an opportunity to be heard." *Sanchez v. Pathmark Stores, Inc.*, Civ. Action No. 04-1159, 2009 WL 398103, at *1 (S.D. N.Y. Feb. 17, 2009) (citations omitted).

As recognized by the Fifth Circuit, "[a] movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence[3] 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Whitcraft v. Brown*, 570 F.3d 268, 271-272 (5th Cir. 2009) (citation omitted). Furthermore, if the respondent did not comply with a court order, then the burden shifts to the respondent to rebut this conclusion, demonstrate an inability to comply, or present other relevant defenses. *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir.1995) (citations omitted). Good faith, however, does not excuse a finding of civil contempt. *United States v. Woodberry*, 405 Fed. Appx., 840, *2 (5th Cir. Dec. 20, 2010) (unpubl.) (citation omitted).

"[S]anctions for civil contempt are meant to be 'wholly remedial' and serve to benefit the party who has suffered injury or loss at the hands of the contemnor." *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 399 (5th Cir.1987). Thus, sanctions for civil contempt may only be employed to coerce the contemnor into compliance with the court's order(s), and/or to compensate the party affected by the contemnor's conduct for their resulting injury or loss. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04, 67 S.Ct. 677 (1947).

---

cause order may be effected under Fed.R.Civ.P. 4(e)).

[3] The clear and convincing standard lies in between the "preponderance of the evidence" standard and the "beyond a reasonable doubt" standard. *S.E.C. v. Resource Development Intern. LLC*, 217 Fed. Appx. 296, *2 (5th Cir. Feb. 6, 2007) (citation omitted).


...


"The prevailing view is that a a magistrate judge lacks the power to adjudicate contempt proceedings; pursuant to 28 U.S.C. § 636(e), a magistrate may only certify to the district court (or deny certification of) facts possibly constituting contempt." *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir.1999) (collecting cases). Specifically, § 636(e) provides that, upon commission of an act that constitutes a civil contempt in a non-consent civil case,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6).[4] Other courts have recognized that the magistrate judge's role is to determine whether the moving party has adduced sufficient evidence to establish a prima facie case of contempt. *Mauro v. Countrywide Home Loans, Inc.*, Civ. Action No. 07-1268, 2009 WL 3463570, at *2 (E.D. N.Y. Oct. 21, 2009) (citations omitted); *see also LeGrand*, 43 F.3d at 166 n3 (magistrate judge has authority to issue a report and recommendation on a contempt motion). Thus, upon certification of the facts supporting a finding of contempt, the District Court must conduct a de novo hearing at which issues of fact and credibility determinations are made. *Id.*

## Certification of Facts

The undersigned magistrate judge certifies the following facts to the District Judge

---

[4] A magistrate judge also has the power to punish summarily by fine, imprisonment, or both, contempt of the authority of the magistrate judge that occurs in the magistrate judge's presence, and which obstructs the administration of justice. 28 U.S.C. § 6363(e)(2). It could be argued here that Gipson's failure to appear at the show cause hearing occurred in the undersigned's presence. However, given Gipson's absence at the hearing, and thus, his concomitant inability to respond to this latest charge, the undersigned is unable to conclude that a finding of summary criminal contempt is warranted or available. Rather, that determination is deferred to the discretion of the District Judge.

pursuant to 28 U.S.C. § 636(e)(6),

    1.    On September 14, 2016, movant served non-party witness, Gipson, with a subpoena and notice requiring his attendance on September 20, 2016, at 9:30 a.m.[5]

    2.    Gipson failed to appear at the offices of Casten & Pierce on September 20, 2016.

    3.    On October 24, 2016, the court issued an order requiring Gipson to "show cause at 10:00 a.m. on November 16, 2016, at the United States District Courthouse, 201 Jackson Street, Monroe, Louisiana, why he should not be held in contempt for failure to comply with the subpoena."

    4.    On October 24, 2016, a deputy U.S. Marshal personally served Gipson with the show cause order.

    5.    Gipson failed to appear at the November 16, 2016, show cause hearing.

    6.    Sarah Giglio and Michael Vergis appeared at the November 16, 2016, hearing on behalf of plaintiff/movant; Claude Bookter appeared on behalf of the City of Shreveport.

## Analysis

The undersigned finds that movant has made a prima facie showing that Gipson failed to comply with a subpoena requiring his attendance at his resumed deposition on September 20, 2016. In addition, the prima facie record supports a finding that Gipson failed to heed a properly served order requiring his attendance before the undersigned on November 16, 2016. Gipson did not show cause for his failure to comply with the subpoena and the court order.

## Recommendation and Order

IT IS RECOMMENDED that the motion for sanctions and to hold witness in contempt [doc. # 18] filed by plaintiff, M'Leah Hassan be GRANTED, and that the District Court order

---

[5] Movant did not adduce a copy of the subpoena or the notice of deposition. Nonetheless, because Gipson did not appear at the show cause hearing, he did not contest the existence of a valid subpoena for the date and time represented.

Stephen Gipson to appear before the District Judge on a date certain: to show cause why he should not be adjudged in civil contempt by reason of the foregoing certified facts; for the District Judge to "hear evidence as to the conduct complained of"; and to impose the appropriate remedial and coercive measures to ensure Stephen Gipson's compliance with the previously issued subpoena and court order, including, *but not necessarily limited to*, requiring Stephen Gipson to reimburse the attorney's fees and costs expended by all parties that are causally related to his failure to attend his September 20, 2016, deposition and the November 16, 2016, show cause hearing, as well as the service fees of the U.S. Marshal.

IT IS FURTHER RECOMMENDED that if, prior to any show cause hearing, Stephen Gipson and counsel for the parties mutually resolve all issues related to the motion for sanctions (including the hearing that Mr. Gipson failed to attend), *and* Mr. Gipson reimburses the U.S. Marshal for the costs of service, then, upon timely proof of same filed in the record, the motion for sanctions and contempt be DENIED, and the hearing upset.

IT IS ORDERED that the Clerk of Court, through the United States Marshals Service, serve a copy of this Report and Recommendation on Stephen Gipson at his home address, or wherever he may be found.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before she makes a final

ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 21st day of November 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE