UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| M'LEAH HASSAN | : CIVIL ACTION NO. 5:15-CV-02820-EEF-KLH |
| VERSUS | : |
| | : JUDGE ELIZABETH E. FOOTE |
| CITY OF SHREVEPORT, ET AL | : MAGISTRATE KAREN HAYES |

### Memorandum

This case involves allegations of sexual assault perpetrated upon the Plaintiff, M'Leah Hassan by then Shreveport Police Detective James Greene. It further involves allegation of an active conspiracy by officers and officials of the the Shreveport Police Department which concealed, covered-up and condoned Greene's conduct in an effort to prevent his criminal conviction for his assault upon Ms. Hassan, which would serve as source of embarrassment for the department as well as civil liability for Greene's actions.

### Facts

On February 10, 2015, Plaintiff M'Leah Hassan went to the Shreveport Police Department to file a report against her ex-boyfriend, who was threatening her life. When she went to the Police Department, Defendant James Greene saw Ms. Hassan and told her to come into his office. At that time he took down notes on her complaint regarding her ex-boyfriend. At the end of that meeting, he inappropriately groped her breast under the guise of wanting to see her tattoo. She told him that was not appropriate, swatted his hand away, and left his office. The following day, Detective Greene called Ms. Hassan. She finally answered after numerous calls by Detective Greene. He told her that he needed her to come back to his office. Assuming that this was related to the case against her ex-boyfriend, of whom she was afraid, Ms. Hassan went back to Detective Greene's office. After some conversation, Detective Greene instructed Ms. Hassan to come around to his side of the desk. He then pulled her hand behind her back, leaned her over his desk, and proceeded to penetrate her vagina with his penis against her will and without her consent. After the rape, he followed her part of the way out of the Shreveport Police Department.

Detective Greene was subsequently interviewed, as was fellow police officer, Stephen Gipson, who was Ms. Hassan's boyfriend at the time. After their interviews and the interview of Ms. Hassan as well as the gathering of physical evidence, Detective Greene was investigated for Sexual Assault and arrested for Abuse of Office, in violation of La.R.S. 14: 134.3.

The criminal case, styled State of Louisiana v. James Greene, Docket # 330,340, First Judicial District Court in and for the Parish of Caddo, was brought to trial began on January 11, 2016 and concluded on January 13, 2016, with an acquittal. Greene did not testify at the trial, asserting his fifth amendment right against self incrimination. However, his fellow officer Stephen Gipson did.

Gipson's testimony was, almost in its entirety, patently false, and it is Plaintiff's contention that his perjurious testimony is evidence of an effort to cover-up and conceal the criminal acts of a fellow police officer, Detective Greene, at the direction of his superiors at the Shreveport Police Department. When confronted at depositions, in the instant case, about the patent false statements made at Greene's criminal trial, Gipson repeatedly asserted his Fifth Amendment right not to testify. Plaintiff has outlined specific questions to which Officer Gipson asserted his Fifth Amendment right not to testify during depositions in this case. in her statement of undisputed facts filed into the record in connection with her motion for summary judgement. A copy of which is attached hereto as Exhibit A.

Plaintiff asserts that Officer Gipson's perjurious testimony was an effort to cover up bad acts by the Shreveport Police Department members, including but not limited to, Detective James Greene, which were pursuant to Shreveport Police Department policies and customs. Among the facts which Ms. Hassan seeks to establish with this testimony is the knowledge of supervisory personnel of the Shreveport Police Department of Greene's habit, propensity and reputation for "getting fresh" and engaging in sexually inappropriate behavior with women in and around the Police station while on duty. and knowing about this, failed to take the appropriate steps to protect the public generally, and Ms. Hassan specifically.

1. <u>Exclusion of comments, testimony, evidence, or argument regarding the past arrests and/or criminal convictions of the Plaintiff M'leah Hassan.</u>

In the course of discovery the parties have learned that Ms. Hassan has certain arrests and one conviction which the defendants may attempt to introduce into evidence at trial. These include:

1. <u>January 2, 2013:</u> Arrest for Domestic Abuse Battery La. R. S. 14:35.3 Misdemeanor grade in *City of Shreveport v. M'Leah Hassan*, Shreveport City Court Docket # 13K75527, case dismissed via Nolle Pros. *See*, Exhibit B

2. <u>October 6, 2013:</u> Arrest for Domestic Abuse Battery La. R. S. 14:35.3 Misdemeanor grade in *City of Shreveport v. M'Leah Hassan*, Shreveport City Court Docket # 13020281, case dismissed via Nolle Pros. *See*, Exhibit B

3. <u>July 30, 2014:</u> Arrest for Prostitution La. R. S. 14:82 Misdemeanor grade in *City of Shreveport v. M'Leah Hassan*, Shreveport City Court Docket # 14014414, case dismissed via Nolle Pros. *See*, Exhibit B

These arrests are reflected on the Plaintiff's National Crime Informations Center, Exhibit C, records along with the following arrests which did not result in prosecution and conviction:

1. January 1, 2015: Arrest for Prostitution La. R. S. 14:82 felony grade, charges dismissed.

2. July 30, 2014 Arrest for Solicitation with out a permit pursuant to Shreveport City Ordinance 42-291 (failure to have itinerant vendor license), charges dismissed. *See*, Exhibit B & C

Ms. Hassan does have the following criminal convictions:

1. September 29, 2006 Guilty Plea to Second Degree Battery La. R. S. 14:34.1, a felony, in *State of Louisiana v. M'Leah Robinson*, Caddo Parish District Court Docket # 253620. She received a sentence of 6 months imprisonment in the Parish Jail which was suspended. She was not imprisoned, she was placed on supervised probation for a

3

  period of 2 years which would have concluded as of September 29, 2011. See, Exhibit C & D[1].

2. May 20, 2009, Simple Theft of Goods, La. R. S. 14:67.10, *City of Shreveport v. M'Leah Robinson*, Shreveport City Court Docket # 09010150, Entry of Not Guilty Plea and Dismissal pursuant to Article 894 of the Louisiana Code of Criminal Procedure with said dismissal to be afforded the effect of an acquittal.[2] *See*, Exhibit B & C.

3. January 1, 2015: Criminal Mischief La. R. S. 14:59, Misdemeanor, *State of Louisiana v. M'Leah Hassan*, Caddo Parish District Court Docket # 253620. Pled guilty to the charge. Whereupon, the defendant was sentenced to pay a fine of $25.00 and court costs or in default thereof, to serve thirty (30) days in the parish jail. *See*, Exhibit E.

  Rule 609(a) of the Federal Rules of Evidence allows a witness's credibility to be impeached by evidence of prior convictions punishable by death or imprisonment in excess of one year, provided the court determines that the probative value of the evidence outweighs its prejudicial effect. *United States v. Turner*, 960 F.2d 461, 465 (5th Cir. 1992). Mere arrests are not admissible

  Federal Rule of Evidence further 609(b) provides that evidence of an actual conviction are not admissible, if the conviction is more than ten years old, unless the court determines that the probative value of the conviction substantially outweighs its prejudicial effect. *United States v. Cathey* , 591 F.2d 268, 274 - 75 (5th Cir. 1979). Federal Rule of Evidence 404(b) states: "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Finally, under Federal Rule of Evidence 401, evi-

---

[1] The Caddo Parish Court minutes indicate that a warrant was issued in 2008 for her failure to complete the terms of her probation. Ms. Hassan was broth to court on a bench warrant issued by Judge Ramona Emmanuel and the warrant has since been released form probation. The minutes do not reflect this, however the NCIC record reflects the arrest and disposition on the Bench warrant occurring on April 25, 2011 and August 11, 2011

[2] Louisiana Code of Criminal Procedure Article 894B (2) provides in relevant part, "The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a prior offense and provide the basis for subsequent prosecution of the party as a multiple offender. "

dence is only relevant if it has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence.

Plaintiff's prior arrests are inadmissible under Rule 609 simply because they are not convictions, and therefore not relevant. To the extent that the Defendants might contend they are relevant, they should nonetheless be excluded pursuant to Federal Rule of Evidence 404(b) and Federal Rule of Evidence 403 as any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time.

Plaintiff's 2006 conviction for Second Degree Battery is not admissible because over 10 years have elapsed since the date of conviction on September 29, 2006 and the probative value, does not substantially outweighs the prejudicial effect against Ms. Hassan that it's admission would have. *See* FRE 609(b). Further, the conduct forming the basis of the conviction is not admissible to impeach Plaintiff's credibility, as it does not involve a "dishonest act or false statement" as required by FRE 609(a)(2).

Plaintiff's 2009 "conviction" is not a conviction for purposes of Rule 609. First, it has been set aside and dismissed in accordance with Louisiana Law pursuant to Article 894 of the Louisiana Code of Criminal Procedure which affords such a dismissal the status of an acquittal. Second Federal Rule of Evidence 609 specifically excludes convictions which have "been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding that the person has been rehabilitated, and the person has not been convicted of a later crime punishable by death or by imprisonment for more than one year." The dismissal under article 894 of the Louisiana Code of Criminal Procedure required a finding by the court that "the period of deferral that the defendant has not been convicted of any other offense during the period of the deferred sentence, and that no criminal charge is pending against him." La.C.Cr.P. Article 894 B(1).

Plaintiff's 2015 conviction for Criminal Mischief is a misdemeanor, punishable by a fine of not more than five hundred dollars, or imprisonment for not more than six months in the parish jail, or both. Ms. Hassan, was sentenced to pay a fine of $25.00 and court costs or in default thereof, to serve thirty (30) days in the parish jail. Further, the conduct forming the basis of

the conviction is not admissible to impeach Plaintiff's credibility, as it does not involve a "dishonest act or false statement" as required by FRE 609(a)(2).

Accordingly, the Court should exclude any and all comments, testimony, evidence, or argument regarding the past arrests and/or criminal convictions of the Plaintiff M'leah Hassan

2. <u>Exclusion of any comments, testimony, evidence, or argument portraying the jurors as Taxpayers or as Footing the Bill of a potential verdict against Defendants.</u>

Such evidence is irrelevant to material issues to be decided by this jury, and must therefore be excluded. *See* Federal Rules of Evidence. 401 and 402. Furthermore, the danger of unfair prejudice and risk of misleading the jury far outweigh any probative value such information could possibly hold. Arguments appealing to jurors' pecuniary interests as taxpayers are improper and "highly prejudicial." *See United States* v. *Wicker,* 933 F.2d 284, 289,1991 U.S. App. LEXIS 10973, *12 5th Cir. La. 1991).

Accordingly, the Court should exclude any and all comments, testimony, evidence, or argument portraying the jurors as Taxpayers or as Footing the Bill of a potential verdict against Defendants.

3. <u>Exclusion of any comments, testimony, evidence, or argument regarding Defendants' work-related commendations, awards, and performance reviews.</u>

Specifically Plaintiff seeks exclusion of the following:

(1) evidence of non-pertinent character traits, such as the defendants' generally good character, e.g., their service as "good or honorable police officers";

(2) evidence of the defendants' specific instances of good conduct, e.g., commendations or any good deeds the defendants performed as police officers; and

(3) evidence that the defendants may have previously acted in conformity with the law on specific occasions, all of which would be improper evidence under the federal rules of evidence.

Such evidence is irrelevant to material issues regarding the November 6, 2014 incident, and must therefore be excluded. *See* Federal Rules of Evidence 401 and 402. The evidence would serve only inappropriately bolster the Defendants' records through positive evidence; its prejudicial value thus substantially outweighs any limited probative value it could hold. Moreover, these documents are impermissible character evidence that is prohibited under Federal Rule

6

of Evidence. 404(a) ("[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion.").

Any reference to the defendants' service as "good or honorable police officers" would serve only to improperly inject "sympathy" and "prejudice" into this case. *United States v. Meshack*, 225 F.3d 556, 580 (5th Cir. 2000), *amended in part on other grounds on reh'g* 244 F.3d 367 (5th Cir. 2001). By injecting sympathy into the jury's deliberations, the defense would effectively divert the jury from its sole obligation — *the duty to decide the defendants are liable based upon the evidence*. Whether the defendants previously acted heroically or were good or honorable police officers is completely irrelevant to the allegations in Plaintiffs complaint.

For these reasons, courts in the Fifth Circuit has routinely excluded evidence of defendant law enforcement officers' commendations, honors, awards, or other good deeds during their law enforcement careers. *See, e.g., United States. v. Warren*, CR1M 10-154, 2010 WL 4668345, at *4 (E.D. La. Nov. 4, 2010) (defendant officer prohibited from introducing evidence of commendations and awards); *United States v. Melton*, Criminal No. 2:08crl07-DPJ-LRA, 2008 WL 4829893, *1 (S.D.Miss. Nov. 4, 2008) (the United States District Court for the Southern District of Mississippi determined that evidence purporting to show a public official's "trait of fighting crime and removing troubled property does not demonstrate a trait of character under Rule 404(a)" that is pertinent to a charge that the public official deprived a person of his or her constitutional rights.). Sister courts have repeatedly held the same. *See, e.g., U.S. v. Boylan*, 898 F.2d 230, 256 (1st Cir. 1990) (excluding police commendations); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (excluding evidence of defendant's military and police commendations and medals); *United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987) (excluding letters of commendation); *United States v. Gaeta*, No. CR 06-1954-TUC-CKJ (JCG), 2008 WL 3911140, at *6 (D. Ariz. Aug. 21, 2008) (excluding testimony from a supervisor regarding the defendant's job performance as a Customs and Border Patrol officer); *U.S. v. Irving*, CR. 07-107(PLF), 2008 WL 163653, at *1 (D.D.C. Jan. 18, 2008) (excluding defendant police detective's awards and commendations); *Charles v. Cotter*, 867 F. Supp. 648, 658 (N.D.Il1. 1994) (excluding police commendations, awards, and honors); *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) ("Evidence of noncriminal conduct to negate the inference of criminal con-

duct is generally irrelevant."); *United States v. Cleveland*, No. 96-207, 1997 WL 253124, at *2 (E.D.La. May 14, 1997) ("[A] defendant may not seek to establish his innocence .. . through proof of the absence of criminal acts on specific occasions.") (quotation marks and citation omitted).

Accordingly, the Court should exclude any and all comments, testimony, evidence, or argument regarding Defendants' work-related commendations, awards, and performance reviews.

4. <u>Exclusion of any comments, testimony, evidence, or argument regarding any possible award to Plaintiff being used to "compensate" Plaintiff's counsel.</u>

The circumstances surrounding the hiring of attorney s are not relevant to any issue in the present litigation and, therefore, the evidence should be excluded. *See* Federal Rules of Evidence 401 & 402. Furthermore, while Plaintiff contends this evidence would have no probative value, any probative value it possibly could have would be substantially outweighed by the dangers of unfair prejudice, confusing the issues, or misleading the jury, requiring exclusion under Federal Rule of Evidence 403. *See, Miksis v. Howard*, holding that speculation during closing argument as the salaries of counsel and suggestion that plaintiff's requested damages were "designed to compensate [his] three lawyers" constituted misconduct. 106 F.3d 754, 764 (7th Cir. Ind. 1997).

Accordingly, the Court should exclude any and all comments, testimony, evidence, or argument regarding any possible award to Plaintiff being used to "compensate" Plaintiff's counsel.

5. <u>Comments, testimony, evidence, or argument regarding the personal opinions of counsel on the merits of the case, the credibility of witnesses or counsel, or personal knowledge regarding any issue.</u>

Such evidence is irrelevant to the material issues regarding the May 4 , 2012 incident and, therefore, the evidence should be excluded. *See* Federal Rules of Evidence 401 & 402.. Furthermore, while Plaintiff contends this evidence would have no probative value, any probative value it possibly could have would be substantially outweighed by the dangers of unfair prejudice, confusing the issues, or misleading the jury, requiring exclusion under Federal Rule of Evidence 403. Counsel should also be prevented from alluding to or relying on matters not relevant to the case or supported by the evidence. S*ee also Lenard v. Argento*, 699 F.2d 874, 897, (7th Cir. Ill. 1983) ("Personal observations, evaluations and recommendations are not part of the role of trial counsel[ .]"); *Spicer v. Rossetti,* 150 F.3d 642, 644 (7th Cir. Ill. 1998).

Accordingly, the Court should exclude any and all comments, testimony, evidence, or argument regarding the personal opinions of counsel on the merits of the case, the credibility of witnesses or counsel, or personal knowledge regarding any issue.

6. <u>Any comments, testimony, evidence, or argument regarding Ms. Hassan's' financial status.</u>

Such evidence is irrelevant to material issues regarding Greene's conduct at the time, and must therefore be excluded. *See* Federal Rules of Evidence 401 & 402. Furthermore, while Plaintiff contends this evidence would have no probative value, any probative value it possibly could have would be substantially outweighed by the dangers of unfair prejudice, confusing the issues, or misleading the jury, including the risk of improperly drawing into question Ms. Hassan's motivation for filing suit. As such, this evidence must be excluded under Federal Rule of Evidence 403.

Accordingly, the Court should exclude any and all comments, testimony, evidence, or argument regarding Ms. Hassan's' financial status.

### Conclusion

For the foregoing reasons, enter an Order prior to the trial of this cause barring any testimony, evidence, or argument regarding the above referenced matters.

**Elton B. Richey, & Associates, LLC**

<u>*/s/ Elton B. Richey, Jr.*</u>
**Elton B. Richey, Jr.**
**Louisiana Bar Number 21836**
Suite 1805, 400 Travis Street
Shreveport, Louisiana 71101
Email: elton@eltonrichey.com
(318) 227-1460
Fax (318) 424-8222

**Gilmer & Giglio, LLC.**

<u>*By: /s/ Sarah R. Giglio*</u>
Sarah R. Giglio,
**Louisiana Bar Number 36272**
3541 Youree Dr

9

Shreveport, Louisiana 71105  
Phone: (318) 459-9111  
Fax: (318) 602-4716  
sarah@gilmergiglio.com

Exhibit A, Plaintiff's Statement of Undisputed Facts

Exhibit B, Court Minutes Shreveport City Court, *City of Shreveport v. M'Leah Robinson*, Shreveport City Court Docket # 09010150

Exhibit C, Plaintiff's National Crime Informations Center Record

Exhibit D, Court Minutes, *State of Louisiana v. M'Leah Robinson*, Caddo Parish District Court Docket # 253620

Exhibit E, Court Minutes, *State of Louisiana v. M'Leah Robinson*, Caddo Parish District Court Docket # 329475