UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| M'LEAH HASSAN | CIVIL ACTION NO. 15-2820 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HAYES |

### MEMORANDUM ORDER

Now before the Court are three Motions for Sanctions filed by Plaintiff M'Leah Hassan ("Plaintiff") against Stephen Gipson ("Gipson"), a witness in the above-captioned matter. [Record Documents 164, 166, & 167]. The Court held Gipson in contempt on January 31, 2020, and ordered him to pay $2,000.00 to Plaintiff's counsel, with $500.00 due by February 28, 2020, and the remainder due by June 30, 2020. Record Document 158. Plaintiff states that Gipson has paid neither amount, and on March 4, 2020, Plaintiff's counsel received a money order from Gipson in the amount of $5.00. Record Document 167, p. 2. Plaintiff asks the Court to set another contempt hearing, hold Gipson in contempt again, and require him to pay $6,000.00 in sanctions. *Id.* at 3. For the following reasons, Plaintiff's motions for sanctions are **DENIED**. The Court will first clarify the amount of sanctions to which Plaintiff is now entitled and then turn to how Plaintiff should go about collecting such sanctions.

**I.     Amount of Sanctions**

Plaintiff alleges that the Court ordered Gipson "to pay $2,000.00 of the previously-ordered, but suspended, $6,000.00 contempt fine." *Id.* at 1. Plaintiff now asks the Court to enforce the original order of $6,000.00 in sanctions. *Id.* at 3. However, the Court finds that its previous order requiring Gipson to pay $6,000.00 is no longer in effect and interprets the motion by Plaintiff as a request for additional sanctions. On February 1, 2017, the Court held a show cause hearing

1

regarding Gipson's previous failure to appear both for a deposition and before Judge Hayes for a show cause hearing. Record Document 32. The Court ordered a $6,000.00 sanction against Gipson, with all but $500.00 of that amount to be lifted "in the event he appears at the deposition and testifies truthfully." *Id.* However, the Court reduced this $6,000.00 sanction to $2,000.00 at the show cause hearing on January 31, 2020. Record Document 158.

The show cause hearing was held to determine whether Gipson should be held in civil contempt for asserting his Fifth Amendment right against self-incrimination without proper justification during the above-referenced deposition. Record Document 150. During this hearing, the Court made a factual finding that Gipson intentionally obstructed the deposition, and the entire trial process in this case, by failing to answer the questions presented by the attorneys. Record Document 158. Thus, the Court determined that Gipson should be sanctioned. *Id.* After questioning Gipson and his attorney as to Gipson's salary, debts, and ability to pay, the Court reduced the amount of sanctions from $6,000.00 to $2,000.00. *Id.* As a result, Plaintiff is no longer entitled to sanctions in the amount of $6,000.00.

## II.     Collection of Existing Sanctions

"Courts have broad discretion to fashion contempt remedies." *F.T.C. v. Trudeau*, 579 F.3d 754, 771 (7th Cir. 2009). Moreover, issuing a money judgment as a remedy for civil contempt is a valid use of this discretion. *F.T.C. v. Leshin*, 719 F.3d 1227, 1231–32 (11th Cir. 2013) (citing *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945) and *In re Prof'l Air Traffic Controllers Org.*, 699 F.2d 539, 542 (D.C. Cir. 1983)). Following the January 31, 2020, show cause hearing, the Court found that Gipson intentionally obstructed the deposition that he was ordered to attend, entered a money judgment against Gipson, and ordered him to pay Plaintiff's counsel

$2,000.00. Record Documents 158 & 161. Thus, Plaintiff's counsel is now in possession of a money judgment against Gipson.

Federal Rule of Civil Procedure 69(a)(1) states that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). In *Hobgood v. David, Kamp and Frank, L.L.C.*, the Middle District of Georgia denied a motion for contempt for failing to pay an earlier award of monetary sanctions and stated that the proper way for a party to collect monetary sanctions is for the Clerk of Court to enter a writ of execution, which would allow the party seeking payment to pursue any and all collection efforts, including filing for liens or initiating garnishments. No. 09-CV-164, 2010 WL 3937410, at *2–3 (M.D. Ga. Sept. 30, 2010). The Court agrees with *Hobgood* that the appropriate remedy for Gipson's nonpayment is for Plaintiff to request that the Clerk of Court enter a writ of execution (fieri facias) in this matter so that she may begin attempts at collection.

## CONCLUSION

As discussed above, a writ of execution is the proper remedy for the execution of a money judgment, not the commencement of more contempt proceedings. However, the Court retains authority to issue an order of contempt if Gibson further obstructs the collection efforts. Accordingly, Plaintiff's motions for sanctions [Record Documents 164, 166, & 167] are **DENIED**. Plaintiff is now in possession of a money judgment and may seek a writ of execution, which will enable her to pursue all means of collection under Louisiana law.

**THUS DONE AND SIGNED** this 15th day of January, 2021.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE